**James T. BAILEY, Jr., Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9302–TA–0009.**

Tax Court of Indiana.

Oct. 11, 1994.

---

Belle T. Choate, Choate, Visher & Haith Indianapolis, for petitioner.

Pamela Carter, Atty. Gen. of Indiana and David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

On July 8, 1992, the Petitioner, James T. Bailey, Jr., was arrested in Hamilton County while selling a ten pound brick of marijuana. Two days later, the Respondent, the Indiana Department of State Revenue (the Department) issued a jeopardy assessment and demand against Bailey for $178,200 in controlled substance excise tax (CSET) liability pursuant to IND.CODE 6–7–3. Because Bailey had not paid the tax when it was due, the Department also assessed him with a 100 percent penalty, for a total assessment of $356,400. Daily interest at the rate of $39.06 began to accrue immediately.

■ Claiming the CSET cannot be assessed against a non-owner in possession of controlled substances, Bailey now appeals the assessment. Bailey's is one of three challenges to the CSET the court decides today. Like the petitioners in *Clifft v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 682, *Hall v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 694, and *Hayse v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 698, Bailey claims the CSET is unconstitutional.[1]

---

1. The court phrases the issue so broadly because Bailey's arguments on this point are not nearly as clear or articulate as they ought to be. In addition, his constitutional challenge, contained in an inaptly named "motion to dismiss," was raised so soon before trial that the Department has moved to strike it.

This case, however, is a *de novo* appeal. *See Maurer v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 607 N.E.2d 985, 986. Moreover, this court, when carrying out its trial functions, has the same discretion as all trial courts. *See, e.g., Wirth v. State Bd. of Tax Comm'rs* (1993), Ind. Tax, 613 N.E.2d 874, 876 (tax court has inherent authority to control conduct of proceedings before it).

As the Department rightly asserts, Bailey's "motion to dismiss" adds new issues to his original tax appeal; in other words, the "motion to dismiss" is, in essence, an amendment to the pleadings. The decision whether to allow amendment of a pleading is committed to the broad discretion of the trial court. *Huff v. Travelers Indemnity Co.* (1977), 266 Ind. 414, 419,

363 N.E.2d 985, 989. There are two main reasons to deny a proposed amendment: statute of limitations complications or prejudice to a party. *Id.* In the absence of either of those concerns, amendment should be allowed. *Id.* Neither concern is present here.

First, there is no dispute over any applicable limitation period. Second, although the Department is perturbed by Bailey's eleventh hour inartful additions to the pleadings, it has not been prejudiced by those additions. Bailey's constitutional claims did not change either side's trial strategy. The witnesses both sides presented were those they had previously disclosed, and if the Department had wanted to change its strategy, it could have requested a continuance. *See Ayr–Way Stores, Inc. v. Chitwood* (1973), 261 Ind. 86, 300 N.E.2d 335.

Furthermore, the Department has not lacked opportunities to respond to the legal merits of Bailey's constitutional claims. Trial in this case was held November 5, 1993. Under the post-trial schedule ordered by the court, the Depart-

## I

■ Bailey's first argument is based on his claim that he did not own the marijuana brick the police confiscated, but that he was instead a mere delivery man. Regardless of who owned the marijuana, the argument is without merit.

The CSET, which went into effect on July 1, 1992, one week before Bailey was arrested, is imposed on controlled substances that are:

(1) *delivered;*

(2) *possessed;* or

(3) *manufactured;*

in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 852. The tax does not apply to a controlled substance that is distributed, manufactured, or dispensed by a person registered under IC 35–48–3.

I.C. 6–7–3–5 (emphasis added). A person therefore becomes liable for the CSET "when the person receives *delivery* of, takes *possession* of, or *manufactures* a controlled substance in violation of IC 35–48–4 or 21 U.S.C. 841 through 852." IND.CODE 6–7–3–8 (emphasis added).

■ The court gives the words of these statutes, like all others, their plain, ordinary, and usual meaning unless the legislative intent demonstrates a contrary purpose. *Maurer v. Indiana Dep't of State Revenue* (1993), Ind.Tax, 607 N.E.2d 985, 987. It is well settled in the tax jurisprudence of this state that possession is not synonymous with ownership, and that statutes that provide for tax liability based on possession without ownership are proper. *See State Bd. of Tax Comm'rs Jewel Grain Co.* (1990), Ind., 556 N.E.2d 920; *Mid America Mailers, Inc. v. State Bd. of Tax Comm'rs* (1994), Ind.Tax, 639 N.E.2d 380; *Indiana Waste Systems of Indiana v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 633 N.E.2d 359. The CSET is but the latest restatement of this familiar concept. The plain language of I.C. 6–7–3–5 imposes CSET liability on possessors, manufacturers, and delivery recipients, irrespective of ownership interests. At the same time, I.C. 6–7–3–8 provides that the tax becomes due upon possession, manufacture, or delivery. Ownership is simply not a precondition to liability.

## II

■ Bailey's second claim is resolved by the court's decision today in *Clifft.* In *Clifft,* the court held the CSET did not violate the Fifth Amendment privilege against self-incrimination or the Fourteenth Amendment rights to equal protection and procedural due process. *Clifft,* 641 N.E.2d at 689–691. The court also held, however, that the CSET is a punishment within the meaning of the Fifth Amendment prohibition against double jeopardy under the United States Supreme Court's decision in *Department of Revenue v. Kurth Ranch* (1994), —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767. *Id.,* 641 N.E.2d at 693.

In the present case, Bailey was arrested on July 8, 1992. The Department assessed the CSET against him on July 10, 1992, and he has yet to pay the liability.[2] On January 19, 1993, the Hamilton Superior Court accepted a plea agreement in which Bailey pled guilty to Class C felony marijuana dealing. On March 1, 1993, that court sentenced Bai-

ment filed its post-trial brief 31 days later, on December 6, 1993. Bailey filed his post-trial brief the same day, and the Department filed its reply brief on December 20, 1993. The Department then had over two months to prepare for oral argument, which was held on February 4, 1994. Finally, in June 1994, the court ordered the parties to brief the court on the effect of the decision in *Department of Revenue v. Kurth Ranch* (1994), —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, and the Department filed its supplemental brief discussing on July 14, 1994.

Given the nature of this appeal, the Department's decision not to seek a continuance, and the Department's numerous opportunities to respond to Bailey's constitutional issues at trial and after, the court denies the Department's motion to strike.

**2.** The Department may have begun collection efforts. The Department's Interrogatory No. 3 reads in part: "Identify and describe the vehicle that you contend was seized in partial satisfaction or on the basis of the assessment that is the subject of this case...." Bailey's response referred to a 1979 Chevrolet pickup truck or utility vehicle. *Requests for Admission and Interrogatories to the Petitioner, Interrogatory No. 3.* Nowhere does the record, however, explain this alleged seizure or reveal when it occurred.

ley to two years' imprisonment. *Respondent's Exhibit 4.*

Bailey has therefore already been punished for the events of July 8, 1992. The Department cannot now punish him again by collecting the CSET from him because "the CSET is a punishment, which 'must be imposed during the first prosecution or not at all.'" *Clifft,* at 693 (quoting *Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1948, 128 L.Ed.2d at 782).[3]

Because double jeopardy bars collection of the CSET from Bailey the court REVERSES the final determination of the Department.

---

**3.** *Kurth Ranch,* which was the first time the Supreme Court held a tax statute was subject to double jeopardy analysis, provides no guidance to determine when jeopardy attaches in a tax case. As the court noted in *Clifft,* however, the date of assessment is not controlling. In both *Kurth Ranch* and *Clifft,* the chronology of relevant official actions was: (1) arrest; (2) assessment; (3) guilty plea accepted with all, or virtually all, tax liability still outstanding. *See Clifft,* 641 N.E.2d at 693, n. 16. The same chronology applies in the present case.