Keith and Mary HALL, Petitioners,

v.

INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, Commissioner, Respondents.

No. 49T10–9306–TA–00036.

Tax Court of Indiana.

Oct. 11, 1994.

Andrew C. Maternowski, Dillon Law Office, Indianapolis, for petitioners.

Pamela Carter, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

The petitioners, Keith and Mary Hall (the Halls), appeal the final determination of the respondent, the Indiana Department of State Revenue (the Department), assessing controlled substance excise tax (CSET) against the Halls. Like the petitioners in the other three decisions the court hands down today, *Clifft v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 682, *Bailey v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 695, and *Hayse v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 698, the Halls challenge the constitutionality of the CSET.

On February 12, 1993, police entered the Halls' Indianapolis residence. In a locked basement storage room, they discovered a bale of marijuana weighing roughly 300 pounds or 142,238 grams. Both Mr. and Mrs. Hall were arrested, and Mr. Hall was later convicted of Class D felony marijuana possession. All charges against Mrs. Hall were dropped.

---

On February 16, the Department presented the Halls with a CSET assessment of $5,691,320.00, representing a tax of $40 per gram on the 142,283 grams assessed. Because the Halls had not paid the CSET when it was due, the Department also assessed a 100 percent penalty of $5,691,320.00, for a total assessment of $11,382,640. Interest began accruing immediately at a daily rate of $1,091.49.

Acting pursuant to the tax warrant the Department issued with its jeopardy assessment,[1] the Marion County Sheriff began levying on the Halls' property. Ultimately, the Sheriff seized property and garnished wages worth roughly $40,000, enough to pay five to six weeks' worth of interest charges. The Sheriff ceased collection efforts several months ago.

The Halls are represented by the same counsel as the Cliffts, and procedurally, this appeal is on a par with the Cliffts': it is before the court on the parties' cross motions for summary judgment. Because the motions raise the same questions as the motions in *Clifft*, the court reiterates its holding that the CSET does not violate the Fifth Amendment privilege against self-incrimination or the Fourteenth Amendment rights to equal protection and procedural due process. *Clifft*, 641 N.E.2d at 689–691.

 The court also reiterates its holding that the CSET is a punishment within the meaning of the Fifth Amendment prohibition against double jeopardy under *Department of Revenue v. Kurth Ranch* (1994), —— U.S. ——, ——, 114 S.Ct. 1937, 1948, 128 L.Ed.2d 767. *Clifft*, 641 N.E.2d at 693. Because Mrs. Hall has suffered no criminal prosecution or punishment, the assessment against her is therefore unaffected by this opinion.[2] Mr. Hall, on the other hand, has already been convicted on felony possession charges. Like the petitioners in *Bailey* and *Hayse*, and one of the petitioners in *Clifft*, Mr. Hall was arrested, assessed with CSET liability, and convicted with all or almost all of his

CSET liability outstanding. He has been punished once, and the Department cannot punish him again by collecting the CSET from him. *See Clifft*, 641 N.E.2d at 693.

Accordingly, the court GRANTS the Department's motion for partial summary judgment in part and GRANTS the Halls' motion for partial summary judgment in part. The final determination of the Department assessing the CSET against Mr. Hall is REVERSED. The disposition of the final determination assessing the CSET against Mrs. Hall will await trial.

her claims under the Fourth and Eighth Amendments, and 42 U.S.C. § 1983.

---

1. *See* IND.CODE 6–7–3–13; 6–8.1–5–3.

2. Mrs. Hall retains for trial, however, her challenge to possession of the marijuana, as well as