**Charles L. HAYSE, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, Commissioner, Respondents.**

No. 49T10–9308–TA–00063.

Tax Court of Indiana.

Oct. 11, 1994.

Andrew C. Maternowski, Dillon Law Office, Indianapolis, for petitioner.

Pamela Carter, Atty. Gen. of Indiana and David A. Arthur, Deputy Atty. Gen., Indianapolis, for respondents.

FISHER, Judge.

The Petitioner, Charles L. Hayse, was arrested for growing marijuana at his Greene County home. Thereafter, the Respondent, the Indiana Department of State Revenue (the Department) issued a controlled substance excise tax (CSET)[1] jeopardy assessment against Hayse for a total of $391,363 on September 16, 1992. This amount included the tax itself, a 100 percent penalty for failure to pay the tax when due, and collection fees. After a bench trial, Hayse was convicted of Class A misdemeanor cultivation of marijuana on June 10, 1993.[2] The Greene Circuit Court sentenced him to 180 days in jail, with all but 10 days suspended.

Hayse now appeals the CSET assessment. In his motion for partial summary judgment, he claims the CSET violates the Fifth Amendment privilege against self-incrimination, the Fourteenth Amendment rights to equal protection and procedural due process, and the Fifth Amendment prohibition against

---

**1.** IND.CODE 6–7–3–1 et seq.

**2.** IND.CODE 35–48–4–11(2).

double jeopardy. The Department has filed a cross motion for summary judgment.[3]

The court has already held today that the CSET does not violate the privilege against self-incrimination, the right to equal protection, or the right of procedural due process. *Clifft v. Indiana Dep't of State Revenue,* (1994), Ind.Tax, 641 N.E.2d 682, 689–691. *See also Hall v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 694; *Bailey v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 695. In light of the United States Supreme Court's decision in *Department of Revenue v. Kurth Ranch* (1994), — U.S. —, 114 S.Ct. 1937, 128 L.Ed.2d 767, the court has also held today that the CSET is a punishment within the meaning of the Fifth Amendment's double jeopardy prohibition. *Clifft,* 641 N.E.2d at 693.

As with taxpayers in *Kurth, Clifft, Hall,* and *Bailey,* Hayse was arrested, assessed, and subsequently convicted with most or all of the tax liability unsatisfied. In other words, Hayse has been punished once for cultivating marijuana. As the court has already held in each of the other three appeals today, the Department cannot punish again by collecting the CSET from someone with a previous conviction stemming from the same acts. "[T]he CSET is a punishment, which 'must be imposed during the first prosecution or not at all.'" *Clifft,* at 693 (quoting *Kurth Ranch,* — U.S. at —, 114 S.Ct. at 1948, 128 L.Ed.2d at 782).

Accordingly, the court GRANTS Hayse's motion for partial summary judgment[4] and REVERSES the Department's final determination assessing Hayes with the CSET.

---

3. When reviewing summary judgment motions, if there are no factual disputes, the court's task is to apply the relevant law to the undisputed facts. *See SFN Shareholders Grantor Trust v. Indiana Dep't of State Revenue* (1992), Ind.Tax, 603 N.E.2d 194, 196–97.

4. The only unresolved issue is Hayse's claim under 42 U.S.C. § 1983.