**George COLLINS, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

No. 02A05–9405–CR–196.

Court of Appeals of Indiana, First District.

Jan. 17, 1995.

ruled in Nathaneal's favor, we deny the School's request.

Charles F. Leonard, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

ROBERTSON, Judge.

George Collins appeals his convictions of dealing in cocaine, a class B felony, and of failure to pay substance excise tax, a class D felony. Collins received consecutive sentences of fifteen years and one and one-half years. Collins presents the following allegations of error:

I. Whether or not the trial court committed reversible error when it allowed the State to introduce into evidence, over Collins' timely objection, cocaine allegedly delivered from him to a paid police informant when the informant did not testify at trial so as to identify the cocaine exhibit and, by not testifying at trial, broke the continuity of the chain of custody of the cocaine exhibit?

II. Whether Collins' Fifth Amendment rights under the United States Constitution were violated by his conviction of Count II, Failure to Pay Substance Excise Tax, in light of his conviction under Count I, Dealing in Cocaine?

We affirm in part and reverse in part.

The evidence most favorable to the verdicts reveals that Officer Criswell sought to conduct a controlled purchase of cocaine from Collins. Officer Criswell therefore met with confidential informant # 313 and performed a complete search of his person and clothing. The two drove to the location of the controlled purchase, and the officer gave the confidential informant one hundred dollars. The confidential informant exited the car and approached Collins. The officer had an unobstructed view of the events. The confidential informant handed Collins the money, and Collins dropped something into the confidential informant's hand. From the time he had left the car until he returned, the confidential informant had had no contact with anyone but Collins and had not left the officer's sight.

The confidential informant handed Officer Criswell three chunks of a white substance. Officer Criswell performed a field test on the substance and left the scene. Other officers arrived and arrested Collins.

## I

The confidential informant did not appear for two scheduled depositions, and Officer Criswell could not find him for trial. The State nevertheless sought to admit Exhibit 9, which contained the remnants of the cocaine Collins had allegedly delivered to the confidential informant. Collins objected that the State had not established a proper foundation for admission of the exhibit because the absence of the confidential informant's testimony, to the effect that the exhibit contained the cocaine from Collins, established a break in the chain of custody.

 Under the chain of custody doctrine, an adequate foundation is laid when the continuous whereabouts of an exhibit is shown from the time it came into the possession of the police. *Bell v. State* (1993), Ind., 610 N.E.2d 229, 233. A proper foundation for introduction of physical evidence is laid if a witness is able to identify the item and the item is relevant to the disposition of the case. *Id.* The State can lay an adequate foundation by providing a reasonable assurance that the evidence was undisturbed as it passed from the custody of one person to the next. *Id.* If the State presents evidence which strongly suggests the exact whereabouts of the evidence at all times, that is sufficient. *Id.*

 Officer Criswell searched the confidential informant and his clothing before the controlled purchase. The confidential informant had remained within the officer's sight from that moment until his return. The officer had had an unobstructed view as he saw the confidential informant give Collins the money and as he saw Collins drop something into the confidential informant's hand. The confidential informant had no contact with anyone other than Collins.

When he returned, the confidential informant handed Officer Criswell three chunks of a white substance. Officer Criswell weighed the substance and performed a field test on it. He then placed the chunks in a small plastic bag and initialed it and placed the small bag into a larger plastic bag. He heat-sealed the larger bag twice and then attached and completed a continuity slip. State's Exhibit 9 is the larger bag.

The evidence provides a reasonable assurance that the cocaine remained undisturbed as it passed from Collins to the confidential informant and then to Officer Criswell. The evidence strongly suggests the exact whereabouts of the evidence from the time it came into police possession. Officer Criswell was able to identify exhibit 9, and the cocaine contained in the exhibit was relevant to the disposition of the case. Collins has not established that the State laid an inadequate foundation for the admission of exhibit 9.

## II

Collins claims his convictions of dealing in cocaine and of failure to pay substance excise tax has subjected him to be twice put in jeopardy for the same offense. We agree.

 With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause of the United States Constitution does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended. *Missouri v. Hunter* (1983), 459 U.S. 359, 367, 103 S.Ct. 673, 678–79, 74 L.Ed.2d 535. "Legislatures, not courts, prescribe the scope of punishments," *Id.* at 369, 103 S.Ct. at 679, for the substantive power to prescribe crimes and determine punishments is vested with the legislature. *Ohio v. Johnson* (1984), 467 U.S. 493, 500, 104 S.Ct. 2536, 2541, 81 L.Ed.2d 425.

 Where a state legislature specifically authorizes cumulative punishment under two statutes, a reviewing court's task of statutory construction is at an end, and the trial court may constitutionally impose cumulative punishment under those statutes in a single trial. *Hunter*, 459 U.S. at 369–70, 103 S.Ct. at 679–80. This restriction upon the courts applies even when two statutes proscribe the "same" offenses under the *Blockburger v. United States* (1932), 284 U.S. 299, 52 S.Ct. 180, 76

L.Ed. 306, method of statutory construction. *Id.* The *Blockburger* presumption must yield to a plainly expressed contrary view on the part of the legislature. *See Garrett v. United States* (1985), 471 U.S. 773, 780, 105 S.Ct. 2407, 2412, 85 L.Ed.2d 764.

In an effort to discern such legislative intent, Indiana courts have used the "same-elements" test articulated in *Blockburger, United States v. Dixon* (1993), — U.S. —, —, 113 S.Ct. 2849, 2856, 125 L.Ed.2d 556, even though it does not necessarily control the inquiry into a state legislature's intent. *Ohio v. Johnson,* 467 U.S. at 500 n. 8, 104 S.Ct. at 2541 n. 8. See *Elmore v. State* (1978), 269 Ind. 532, 534, 382 N.E.2d 893, 895. *Blockburger* provides that

> where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182.

The offense of dealing in cocaine is defined by Ind.Code 35–48–4–1(a), in pertinent part:

> A person who:
>
> (1) knowingly or intentionally:
>
> (A) manufactures;
>
> (B) finances the manufacture of;
>
> (C) delivers;
>
> (D) finances the delivery of;
>
> cocaine ..., pure or adulterated, classified in schedule ... II; or
>
> (2) possesses, with intent to:
>
> (A) manufacture;
>
> (B) finance the manufacture of;
>
> (C) deliver;
>
> (D) finance the delivery of;
>
> cocaine ..., pure or adulterated, classified in schedule ... II;
>
> commits dealing in cocaine ..., a Class B felony ...

Cocaine is a schedule II substance. I.C. 35–48–2–6(b)(4). The offense of failure to pay substance excise tax is defined by I.C. 6–7–3–11(b), in pertinent part:

> A person who knowingly or intentionally delivers, possesses, or manufactures a controlled substance without having paid the tax due commits a Class D felony.

■ A comparison of the two statutes shows that a violation of I.C. 35–48–4–1(a) may occur with (1) the finance of delivery or the finance of manufacture or (2) the possession with intent to finance delivery or the possession with intent to finance manufacture, but a violation of I.C. 6–7–3–11(b) may not. Further, a violation of I.C. 6–7–3–11(b) arises when the delivery, possession, or manufacture occurs without a person having paid the tax due; a violation of I.C. 35–48–4–1(a) does not. Each provision may require proof of an additional fact which the other does not. The same act or transaction simply may constitute a violation of these two distinct statutory provisions. The *Blockburger* method of statutory construction does not show the legislature did not intend that cumulative punishments be allowed for convictions of these two offenses.

■ In Indiana, analysis of legislative intent is also guided by I.C. 35–38–1–6, which precludes both a judgment of conviction and sentence on an "included offense." An included offense means an offense that is established by proof of the same material elements or less than all the material elements required to prove the charged offense, I.C. 35–41–1–16(1), or differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission. I.C. 35–41–1–16(3).

■ Two types of included offenses exist in Indiana case law. First, necessarily or inherently included offenses transpire where it is impossible to commit the greater offense without also committing the lesser offense. *Jones v. State* (1982), Ind., 438 N.E.2d 972, 974. Second, while a particular lesser offense may not be inherent in the greater offense, by definition, it may have been committed by reason of the manner in which the greater offense was committed. *Id.* Depending on the factual allegations contained in the charging instrument, a less-

er offense may also be charged, and hence "included," as the term is employed. *Id.*

■ Under Indiana law, then, when I.C. 35–41–1–16(1) states that an included offense means an offense that is established by proof of the same material elements or less than all the material elements required to prove the *charged offense,* it means, in part, the offense *as charged. Cf. State v. Monticello Developers, Inc.* (1987), Ind.App., 502 N.E.2d 927, 935 (Indiana recognizes that a lesser included offense may fall within the definition of I.C. 35–41–1–16(1), when it is an offense which is "factually included," i.e., charged in the information due to the manner in which the greater offense is committed).

■ Indiana takes the concept of the factually included lesser offense and runs with it. In Indiana, a double jeopardy analysis does not end with an evaluation and comparison of the statutory provisions alone; one must look to the manner in which the offenses are charged. *Derado v. State* (1993), Ind., 622 N.E.2d 181, 183 (citing *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 588 (citing *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208 (interpreting *Blockburger* but citing a case about the entitlement to an instruction on necessarily included offenses))). In Indiana, a double jeopardy analysis looks to the manner in which the offenses are charged only where the lesser offense is not inherently included in the greater. *Tingle v. State* (1994), Ind., 632 N.E.2d 345, 350 (citing *Derado,* 622 N.E.2d 181, and *Sering v. State* (1986), Ind.App., 488 N.E.2d 369).

■ In Indiana, then, courts must look to the manner in which the offenses are charged, in an illogical effort to discern legislative intent to allow multiple punishment under two statutes in a single trial, even though those two statutes plainly allow for a situation where one offense may be charged factually as a lesser included offense of the other. The federal constitution does not establish such a requirement. *See Dixon,* —— U.S. at ——, 113 S.Ct. at 2866 (involving common law criminal contempt for violating court orders) (Rehnquist, C.J., concurring in part and dissenting in part: double jeopardy cases applying *Blockburger* have focused on

the statutory elements of the offenses charged, not on the facts that must be proven under the particular indictment at issue).

Indiana therefore engrafts the factually included lesser offense onto the double jeopardy test established for necessarily or inherently included lesser offenses. Nevertheless, we are bound to follow the procedures of our supreme court. Thus, the factual bases alleged by the State in the information or indictment and upon which the charges are predicated must be examined. *Hall v. State* (1986), Ind., 493 N.E.2d 433, 435 (citing *Tawney,* 439 N.E.2d 582).

In the information for dealing, the State charged that Collins "did knowingly or intentionally deliver to CI # 313, . . . cocaine, pure or adulterated . . ." In the information about the excise tax, the State charged that Collins "did knowingly, or intentionally, without having paid the tax due, possess or deliver cocaine, a controlled substance . . ."

■ An examination of the charges shows that Collins' dealing offense was an act which involved a knowing or intentional delivery of cocaine within his possession. This same act resulted in the imposition of the controlled substances excise tax. *See* I.C. 6–7–3–5. The State had only to prove the knowing or intentional delivery of cocaine within Collins' possession, and no additional facts were necessary to prove the perpetration of either of the offenses. *See Hall,* 493 N.E.2d at 436 (quoting *Howard v. State* (1985), Ind., 481 N.E.2d 1315, 1318). Therefore, the State established both offenses here by proof of the same material elements under I.C. 35–41–1–16(1).

This result is not changed even though a person violates I.C. 6–7–3–11(b) only if the person acts "without having paid the tax due." The State need not prove the fact, "without having paid the tax due," to obtain conviction of the excise tax offense. The act of having paid the tax due is a defense to I.C. 6–7–3–11(b) which a defendant has the burden to prove by a preponderance of the evidence. *See, e.g., Schuller v. State* (1993), Ind.App., 625 N.E.2d 1243, 1246 (for possession "without a valid prescription . . .," the existence of a valid prescription is a defense

which defendant has burden of proving by a preponderance of the evidence). *Cf.* I.C. 6–7–3–9(a) (upon payment of the tax, the department of state revenue shall issue evidence of payment of the tax); I.C. 6–7–3–9(b) (person who receives delivery of, takes possession of, or manufactures a controlled substance must also have a valid evidence of payment in the person's possession).

■ Also, the excise tax offense is an included offense of the delivery offense under I.C. 35–41–1–16(3), which states an "included offense" means, inter alia, that it "differs from the offense charged only in the respect that a less serious harm or risk of harm to the same ... public interest ... is required to establish its commission." The term, "harm," includes loss, disadvantage, or injury or anything so regarded by the person affected. I.C. 35–41–1–13. The term, "person," includes a governmental entity. I.C. 35–41–1–22.

As noted by our tax court, the excise tax has a deterrent purpose. *Clifft v. Indiana Department of State Revenue* (1994), Ind. Tax, 641 N.E.2d 682, 692. The same is true about the statutes which proscribe delivery of controlled substances. Further, the excise tax:

> is conditioned on the commission of a crime. The [Controlled Substances Excise Tax] 'is imposed on controlled substances that are: (1) delivered; (2) possessed; or (3) manufactured; in Indiana *in violation of IC 35–48–4 or 21 U.S.C. 841 through 852.'* I.C. 6–7–3–5 (emphasis added). Therefore, the only people subject to the [Controlled Substances Excise Tax] are those who, by definition, have engaged in criminal conduct.

*Id.* at 693.

The same public interest is involved in the offenses under both I.C. 35–48–4–1(a) and I.C. 6–7–3–11(b): the deterrence of the commission of the delivery of possession of controlled substances. The legislature has shown it is aware of the potential for loss, disadvantage, or injury to society from the delivery of possession of controlled substances. *See* I.C. 35–48–2–5 (the Indiana state board of pharmacy shall recommend placement of a substance in schedule II if it finds that the substance has a high potential for abuse, that the substance has currently accepted medical use in treatment in the United States or currently accepted medical use with severe restrictions, and that the abuse of the substance may lead to severe psychic or physical dependence).

The public interest in deterrence carries less weight in the excise tax, however, because taxes are usually motivated by revenue-raising rather than punitive purposes. *See Clifft,* 641 N.E.2d at 692 (quoting *Department of Revenue v. Kurth Ranch* (1994), —— U.S. ——, 114 S.Ct. 1937, 1946, 128 L.Ed.2d 767). The revenue from the tax, however, is to be used for further, specific deterrent purposes. *See* I.C. 6–7–3–16.

Moreover, the offense of dealing in cocaine here is a class B felony. I.C. 35–48–4–1(a). The offense of failure to pay substance excise tax is a class D felony. I.C. 6–7–3–11(b). The legislature designated the excise tax offense as a lesser grade of felony than the dealing offense, which evinces the view that the excise tax offense involves less serious harm or risk of harm to the public interest than does the dealing offense.

The offense of failure to pay the substance excise tax on cocaine differs from the offense of dealing in cocaine only in the respect that a less serious harm or risk of harm to the same public interest in deterrence is required to establish the commission of the excise tax offense. Therefore, under the present facts, the offense of failure to pay the substance excise tax on cocaine is an included offense of the dealing in cocaine under I.C. 35–41–1–16(3).

Because Collins' act of knowing or intentional delivery of cocaine within his possession was the factual basis for both the dealing and excise the tax convictions, he was punished twice for the same act. *See Hall,* 493 N.E.2d at 436. Further, although Collins had been charged with an offense and an included offense in separate counts and had been found guilty of both counts, judgment and sentence should not have been entered against him for the included offense. *See* I.C. 35–38–1–6. With the consecutive sentences, the trial court prescribed a greater

punishment than the legislature intended. We therefore reverse the conviction of the included offense.

Judgment is reversed for the conviction of and sentence for failure to pay the excise tax under I.C. 6–7–3–11(b) and is in all other respects affirmed.

BAKER and BARTEAU, JJ., concur.