**Terrence L. WHITT, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–9407–CR–249.**

Court of Appeals of Indiana,
Third District.

Jan. 19, 1995.

Michelle M. Fennessy, Deputy Public Defender, Fort Wayne, for appellant.

## OPINION

STATON, Judge.

Terrence Whitt ("Whitt") was convicted for possession of cocaine within 1000 feet of school property, a class B felony [1], failure to pay the Controlled Substance Excise Tax, a class D felony [2], and resisting a law enforcement officer, a class A misdemeanor [3]. Whitt raises two issues on appeal which we restate as follows:

I. Whether the evidence was sufficient to support the conviction for possession within 1000 feet of school property.

II. Whether the Controlled Substance Excise Tax ("CSET") is unconstitutional.

We affirm in part, reverse in part, and remand.

The facts most favorable to the judgment are as follows. Police, suspecting drug activity, approached Whitt in the vicinity of Irwin Elementary School ("Irwin"). Whitt fled from them and quickly discarded a plastic bag containing cocaine. Police apprehended Whitt soon thereafter.

Though Whitt stipulated before trial that Irwin was school property, as defined by statute, the State failed to put this stipulation before the jury and, indeed, put forth no evidence that Irwin was school property. Despite this, Whitt was convicted of possession of cocaine within 1000 feet of school property, in addition to failure to pay the CSET and resisting a law enforcement officer. This appeal ensued.

### I.

*Sufficiency of Evidence*

Whitt claims that the evidence was insufficient to support the conviction. Specifically, Whitt argues that the State offered no evidence that Irwin was school property.

We first note that the State has failed to file an appellee's brief. As such, Whitt must only show prima facie error to win reversal. *Delval v. PPG Industries, Inc.* (1992), Ind. App., 590 N.E.2d 1078, 1080, *trans. denied.* However, this lower standard is for the bene-

1. Ind.Code § 35–48–4–6 (1993).

2. I.C. § 6–7–3–11.

3. I.C. § 35–44–3–3.

fit of this court, not the appellant, and we choose to decide the case on the merits. *Id.*

■ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

■ The State offered no evidence that Irwin was school property under the statutory definition.[4] The police officers who testified referred to Irwin as a school, but did not testify to the property limits or indicate that the property fits within the statutory definition. The State was required to either present the stipulation or to prove this element independently, but failed to do so.

■ The evidence was insufficient to establish that Irwin was school property. As such, we reverse Whitt's conviction for possession of cocaine within 1000 feet of school property.[5]

## II.

### *Constitutionality of Substance Tax*

Whitt next argues that the CSET[6] is unconstitutional. Whitt cites *Dep't of Revenue of Montana v. Kurth Ranch et al.,* (1994), — U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, as the basis for his claim without offering a supporting argument. We will not construct an argument for Whitt, thus he can secure reversal only if *Kurth Ranch* is in his favor and directly on point.

■ *Kurth Ranch* held that Montana's Dangerous Drug Tax ("DDT")[7] was a "punishment" and the double jeopardy clause forbade imposing this punishment in a proceeding subsequent to the underlying drug prosecution. *Id,* — U.S. at ——, 114 S.Ct. at 1948, 128 L.Ed.2d at 781–782. Recently the Indiana Tax Court, considering *Kurth Ranch,* held the CSET is constitutional though it is also "punishment" and implicates the double jeopardy clause. *Clifft v. Indiana Department of State Revenue* (1994), Ind. Tax, 641 N.E.2d 682, p. 693. This conclusion, however, does not aid Whitt as his prosecution for failure to pay the CSET was contemporaneous with his prosecution for the underlying drug offense. Therefore, Whitt's conviction did not violate the double jeopardy clause and is affirmed.

We reverse Whitt's conviction for possession of cocaine within 1000 feet of school property and remand for resentencing for failure to pay the CSET and resisting a law enforcement officer.

HOFFMAN, J., concurs.

GARRARD, J., concurs in part and dissents in part and files separate opinion.

State is limited to the crime charged and we cannot enter a lesser conviction. *Id.*

In addition, reversing Whitt's possession conviction does not affect his conviction for failure to pay the CSET. The latter conviction does not require a contemporaneous drug conviction but only a "violation" of state or federal drugs law. I.C. § 6–7–3–5.

6. I.C. § 6–7–3–1, *et seq.* The CSET imposes a tax on the delivery, possession, or manufacture of controlled substances in violation of federal or state law. I.C. § 6–7–3–5. The tax is due when the illegal action occurs, I.C. § 6–7–3–7, the taxpayer is not required to reveal their identity, and the department of state revenue cannot reveal related information to initiate a prosecution, except for failure to pay. I.C. § 6–7–3–9. *See also Clifft, infra.*

7. For a synopsis of the DDT see *Kurth Ranch, supra,* and *Clifft, infra.*

4. The statute defines "school property" as follows:

A building or other structure owned or rented by: (A) school corporation; (B) An entity that is required to be licensed under [statutory citation]; (C) A private school . . .; or (D) A federal, state, local, or nonprofit program or service operated to serve, assist or benefit children who are at least three (3) years of age and not yet enrolled in kindergarten. . . .
I.C. § 35–41–1–24.7(1).

5. We cannot reduce the conviction to the lesser included offense of possession because the language of the information almost exactly tracks the statutory language of the greater offense. There is no variance to indicate that the prosecutor intended to charge Whitt with simple possession. *See, O'Grady v. State* (1985), Ind.App., 481 N.E.2d 115, 119, *reh. denied, trans. denied* (overturned possession-with-intent-to-deal conviction, cannot enter conviction for possession). The

GARRARD, Judge, concurring in part and dissenting in part.

I respectfully dissent as to part I of the majority opinion. The state and the defendant stipulated in open court that Irwin was a school within the meaning of the statute. (R.126) The stipulation was binding upon Whitt and obviated the necessity of proof of that point. Thus, while it is certainly good practice to advise the jury of the stipulation, properly speaking, there is no such thing as introducing it into evidence for the jury is not empowered to weigh or disregard it. It operates to establish the facts stipulated as a matter of law for the case at hand. *See, e.g., Clark v. State* (1990) Ind., 562 N.E.2d 11, 17, *cert. den.* 502 U.S. 961, 112 S.Ct. 425, 116 L.Ed.2d 445; *Faught v. State* (1974), 162 Ind.App. 436, 319 N.E.2d 843. Accordingly, the conviction for the class B possession felony should be affirmed.

In addition, I disagree with n. 5 and believe that *O'Grady v. State* (1985), Ind.App., 481 N.E.2d 115, *trans. den.*, should be disapproved concerning the unavailability of the lesser offense of "simple" possession. Possession of cocaine is inherently included in the offense of possession of cocaine within 1000 feet of school property. As such, it cannot be excluded as a lesser offense by any means of drafting the information. An information charging the class B felony in fact must, and does, charge all the elements of · simple possession.

I concur in part II of the majority opinion.

I would therefore affirm the convictions.