Daniel D. **ANDERSON**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 02A03–9408–CR–312.

Court of Appeals of Indiana,
Third District.

April 27, 1995.

Robert S. Bechert, Fort Wayne, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

STATON, Judge.

Daniel Anderson ("Anderson") was convicted for possession of cocaine within 1000 feet of school property, a class B felony [1], failure to pay the Controlled Substance Excise Tax, a class D felony [2], and resisting a law enforcement officer, a class A misdemeanor [3]. Anderson raises two issues on appeal which we restate as follows:

I. Whether the evidence was sufficient to support the conviction for possession within 1000 feet of school property.

II. Whether conviction for failure to pay the Controlled Substance Excise Tax ("CSET") and for possession of cocaine constitutes double jeopardy.

We affirm.

The facts most favorable to the judgment are as follows. Police, suspecting drug activity, approached Anderson at the intersection of Winter and Oxford streets ("intersection") in the vicinity of Irwin Elementary School

---

1. Ind.Code § 35–48–4–6(b)(2) (1993).

2. I.C. § 6–7–3–11.

3. I.C. § 35–44–3–3.

("Irwin"). Anderson fled, but was caught after less than a block of flight. Police searched Anderson and found cocaine on him.

After a jury trial, Anderson was convicted of possession of cocaine within 1000 feet of school property, failure to pay the CSET and resisting a law enforcement officer. This appeal ensued.

### I.

### Sufficiency of Evidence

▄ Anderson argues the evidence was insufficient to support his conviction for possession of cocaine. Specifically, he argues that the State failed to prove that he was within one thousand feet of Irwin.

▄ Our test for sufficiency of the evidence requires that we neither weigh the evidence nor resolve questions of credibility. We look only to the evidence of probative value and the reasonable inferences to be drawn therefrom which support the verdict. *Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

The jury heard evidence that the intersection at which the police approached Anderson was six-hundred and ninety (690) feet from the front steps of Irwin. After a brief chase, police apprehended Anderson and found cocaine on him. This is sufficient evidence to support the conviction. There is no requirement that police apprehend Anderson within one thousand feet of school property; it is sufficient that the jury heard evidence from which they could reasonably infer that Anderson possessed the drug within one thousand feet of Irwin.

### II.

### Controlled Substance Excise Tax

Anderson next argues that conviction for failure to pay the CSET[4] and for possession of cocaine violates the double jeopardy clause of the Fifth Amendment[5]. He claims that he suffered unconstitutional multiple punishments.

▄ Anderson argues that the penalty for failure to pay the CSET is a prohibited additional punishment for the drug possession offense. Anderson cites *Department of Revenue of Montana v. Kurth Ranch* (1994), 511 U.S. ——, ——, 114 S.Ct. 1937, 1945, 128 L.Ed.2d 767, for the proposition that punishment for drug possession and for failing to pay the drug tax based upon the same conduct violates double jeopardy. Anderson's argument is ineffectual as *Kurth Ranch* held that Montana could collect the tax either contemporaneous with, or in lieu of, the criminal punishment. *Id.,* 511 U.S. at ——, 114 S.Ct. at 1945. The tax in *Kurth Ranch* was unconstitutional as applied to the Kurths only because it was a second punishment. *Id.* at ——, 114 S.Ct. at 1948. Since Anderson was convicted of failure to pay the CSET contemporaneous with his conviction for the underlying drug charge, the double jeopardy clause is not implicated. *Clifft v. Indiana Department of State Revenue* (1994), Ind.Tax, 641 N.E.2d 682, 693; *Missouri v. Hunter* (1983), 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535.

▄ Further, with cumulative sentences imposed in one trial, the double jeopardy clause only prohibits the sentencing court from prescribing greater punishment than the legislature intended. *Hunter, supra,* 459 U.S. at 366, 103 S.Ct. at 678. Where the legislature intends to impose cumulative pun-

---

4. I.C. § 6–7–3–1, *et seq.* The CSET imposes a tax on the delivery, possession, or manufacture of controlled substances in violation of federal or state law. I.C. § 6–7–3–5. The tax is due when the illegal action occurs, I.C. § 6–7–3–7, the taxpayer is not required to reveal their identity, and the department of state revenue cannot reveal related information to initiate a prosecution, except for failure to pay. I.C. § 6–7–3–9. For a complete discussion of the CSET, *see Clifft, infra.*

5. The Fifth Amendment states that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend V. The prohibition against double jeopardy applies to the states through the Fourteenth Amendment. U.S. Const. amend XIV; *Benton v. Maryland* (1969), 395 U.S. 784, 787, 89 S.Ct. 2056, 2058, 23 L.Ed.2d 707. In addition, though not mentioned by the parties, the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14.

ishment for the same act, the double jeopardy clause is not implicated. *Id,* at 368, 103 S.Ct. at 679; *Walker v. State* (1991), Ind. App., 582 N.E.2d 877, 881.

The general assembly meant the CSET and underlying drug offenses to work independently. This is evidenced in several provisions of the act. First, an arrest or criminal conviction is not needed for the tax to become due. I.C. § 6–7–3–8; *Clifft, supra.* Second, the tax raises revenue for drug abuse prevention programs. I.C. § 6–7–3–16. Third, paying the tax does not confer immunity from criminal prosecution. I.C. § 6–7–3–7. Fourth, safeguards protect the identity of the payor and ensure that information gained from payment does not lead to a criminal prosecution. I.C. § 6–7–3–8, –9.

We, therefore, conclude the legislature intended to impose the tax in addition to the punishment for the underlying drug offense. It follows, then, that the State can prosecute for failure to pay the tax without foregoing contemporaneous prosecution for the underlying offense. We construe statutes to prevent absurdity and to give effect to the legislature's probable intent. *Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 774, *trans. denied.* The legislature did not intend the State to choose between enforcing the CSET or the criminal drug laws. If this were so, enforcing the CSET would reduce the sanction for some drug offenders. This is an absurd construction of legislative intent as, whatever else might be said about it, the CSET is clearly not meant to reduce the penalty for drug crimes. Anderson makes no argument to the contrary. Thus, contemporaneous punishment for failing to pay the CSET and the underlying drug offense does not violate double jeopardy. *See Clifft, supra; Kurth Ranch, supra.*

Finally, the State argues that the CSET is not a punishment at all and thus cannot implicate the double jeopardy clause. This argument runs contrary to the holding in *Clifft* and would allow the State to prosecute a defendant for failing to pay the tax after obtaining a conviction for the underlying drug offense. We need not address this argument as, even assuming *Clifft* correct, there was no second punishment which implicates the double jeopardy clause. *See Whitt v. State* (1995), Ind.App., 645 N.E.2d 677 (accepting *Clifft* as correct does not aid defendant).

The evidence was sufficient to support the conviction and there was no violation of the double jeopardy clause.

Affirmed.

HOFFMAN and RUCKER, JJ., concur.