George COLLINS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02S05–9503–CR–397.

Supreme Court of Indiana.

Dec. 27, 1995.

Rehearing Denied April 23, 1996.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Pamela Carter, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

This is one of multiple cases we decide today involving Indiana's Controlled Substance Excise Tax (CSET). This appeal presents a question not resolved in the other appeals: whether convictions for both dealing in drugs and failing to pay the CSET, imposed in the *same* proceeding, offend the Double Jeopardy Clause. We hold that they do indeed violate the Clause.

### I. Statement of Facts

Appellant George Collins was arrested and charged with dealing cocaine, a class B felony, Ind.Code Ann. § 35–48–4–1 (West Supp. 1994), and failure to pay the CSET, a class D felony, Ind.Code Ann. § 6–7–3–11(b) (West Supp.1994). The same jury found Collins guilty of both offenses, and the court sentenced him to consecutive prison terms of fifteen years for the dealing charge and one and one-half years for failure to pay the CSET.

Collins appealed, claiming there was insufficient evidence to sustain the dealing charge because the State had not proven a complete chain of custody for the cocaine. He further argued his convictions for both dealing cocaine and failure to pay the CSET violated his double jeopardy rights under the Fifth Amendment to the U.S. Constitution. U.S. Const. amend. V.

The Court of Appeals held that the State had established an adequate chain of custody and affirmed the dealing charge. It over-

turned Collins's conviction for failure to pay the CSET, however, concluding that the conviction was a second jeopardy for the same offense in violation of the Double Jeopardy Clause. *Collins v. State* (1995), Ind.App., 645 N.E.2d 1089.

Both parties petitioned for transfer, and we have granted the petitions. We summarily affirm the opinion of the Court of Appeals as to the sufficiency issue. Ind.Appellate Rule 11(B)(3). We proceed here to consider whether Collins's double jeopardy rights were violated.

### II. Double Jeopardy

■ As we noted today in *Bryant v. State* (1995), Ind., 660 N.E.2d 290, the Double Jeopardy Clause protects a person from suffering (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969).

The Clause's third protection, which prevents multiple punishments for the same offense, concerns a different type of prosecution than do the other two protections. It affects only prosecutions in which multiple punishments are imposed in a *single* proceeding; the other protections apply to multiple proceedings. *Pearce*, 395 U.S. 711, 89 S.Ct. 2072; *Montana Dep't of Revenue v. Kurth Ranch*, — U.S. —, — n. 21, 114 S.Ct. 1937, 1947 n. 21, 128 L.Ed.2d 767 (1994). This dictate was established long ago in *Ex parte Lange*, 18 Wall. 163, 21 L.Ed. 872 (1873), when the U.S. Supreme Court said:

> If there is anything settled in the jurisprudence of England and America, it is that no man can twice lawfully be punished for the same offense. And though there have been nice questions in the application of this rule to cases in which the act charged was such as to come within the definition of more than one statutory offence, or to bring the party within the jurisdiction of more than one court, there has never been any doubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.

*Lange*, 18 Wall at 168. Accordingly, where, as in Collins' case, multiple punishments are imposed in a single proceeding, this Court must decide whether the punishments were imposed for the "same offense." *Id.*

■ We determine whether two or more offenses constitute the same offense by applying the test first established by the U.S. Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As we said today in *Bryant*:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, 'the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact that the other does not. If each statute requires proof of an additional fact which the other does not,' the offenses are not the 'same offense' for double jeopardy purposes.

*Id.* at 297 (quoting *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182). In short, offenses are different under the *Blockburger* "same elements" test only where each offense requires proof of a fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. The State also "violates double jeopardy protection when it punishes a defendant for a greater offense and a 'lesser included offense. That is, if the lesser included offense requires no proof beyond that required for the greater offense, the two are the 'same offense' for purposes of the Double Jeopardy Clause." *Bryant*, 660 N.E.2d at 298.

■ As to the present appeal, it is evident that Collins's convictions were two punishments for the same offense. To convict Collins of delivering cocaine under Section 35–48–4–1, the State must have proved:

(1) Collins

(2) knowingly or intentionally

(3) delivered

(4) cocaine [1]

---

**1.** Section 35–48–4–1 provides in full:
(a) A person who:

(1) knowingly or intentionally:
(A) manufactures;

Moreover, Section 6–7–3–11(b) required the State to prove:

(1) Collins

(2) knowingly or intentionally

(3) delivered

(4) a controlled substance

(5) without having paid the CSET.[2]

The State charged Collins with each offense by alleging the same *res* (i.e., delivery of cocaine and failure to pay the CSET on cocaine, a "controlled substance" [3]). Thus, the only unique fact required to be proven by either statute is Section 6–7–3–11(b)'s prerequisite that Collins not have timely pay the CSET. The State was not required to prove this fact to convict Collins under Section 35–48–4–1. Because each element of the offense of delivering cocaine is encompassed by the elements of the CSET's criminal penalty, the two statutes cannot be said to punish different offenses. Rather, the delivery offense is a lesser-included offense of the CSET's criminal sanction. *Bryant,* 660 N.E.2d at 298

(citing *Brown v. Ohio,* 432 U.S. 161, 167–68, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977)).

We therefore conclude, as we did in *Bryant,* that such duplication violates the Double Jeopardy Clause.[4]

### III.  Conclusion

We vacate Collins's CSET conviction and affirm his conviction for criminal delivery of cocaine.[5]

DICKSON, SULLIVAN and SELBY, JJ., concur.

DeBRULER, J., concurs in result.

---

(B) finances the manufacture of;
(C) delivers; or
(D) finances the delivery of; cocaine or a narcotic drug, pure or adulterated, classified in schedule I or II; ... commits dealing in cocaine or a narcotic drug, a Class B felony,
...

2.  Section 6–7–3–11(B) dictates in full:
    A person who knowingly or intentionally delivers, possesses, or manufactures a controlled substance without having paid the tax due commits a Class D felony. This subsection does not apply to a person in violation of IC 35–48–4–11, if the violation is a Class A misdemeanor.

3.  The CSET defines a controlled substance in accordance to Ind.Code Ann. § 35–48–1–9 (West Supp.1994). This Section dictates that a controlled substance is one listed in Schedules I, II, III, IV or V. Cocaine is listed in Schedule II. Ind.Code Ann. § 35–48–2–6 (West Supp.1994). The statutes would permit different charges given different facts. This might well lead to a different disposition if, for example, a defendant was charged with delivering cocaine (a Schedule II controlled substance) and failing to pay the tax on heroin (a Schedule I substance) also in his possession. In this case, however, the "controlled substance" in the CSET charge was cocaine, the very same drug charged in the delivery count of the information.

4.  The State contends these punishments may simultaneously be imposed, relying on *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63

L.Ed.2d 715 (1980) and *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). As these cases reveal, a trial court may constitutionally impose cumulative punishments in a single trial where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether these two statutes proscribe the 'same' conduct under Blockburger ..." *Hunter,* 459 U.S. at 368, 103 S.Ct. at 679. However, as the Court explained,

> 'where the offenses are the same ... cumulative sentences are not permitted, *unless elsewhere specifically authorized by Congress.*'
> *Id.* at 367, 103 S.Ct. at 678 (quoting *Whalen,* 445 U.S. at 693, 100 S.Ct. at 1438 (1980)).

Because our General Assembly has not specifically authorized the imposition of the CSET's criminal sanction and the criminal delivery offense in the same proceeding, we cannot say these cumulative punishments were constitutionally employed.

5.  In so doing, we support the Supreme Court's analysis in *Lange* and its progeny, as Collins has already begun serving his sentence for criminal delivery of cocaine. *See* R. 67; 18 Wall. 163 (vacating punishment because defendant had already fully suffered alternative punishment). Moreover, the State would have chosen to prosecute the delivery offense, a class B felony, instead of the CSET offense, a class D felony, had it known the CSET's criminal sanction punished the "same offense."