Terrence L. WHITT, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02S03–9506–CR–695.

Supreme Court of Indiana.

Dec. 27, 1995.

Michelle M. Fennessy, Deputy Public Defender, Fort Wayne, for appellant.

Pamela Carter, Attorney General, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

A man possessed cocaine within one thousand feet of an elementary school without having paid Indiana's Controlled Substance Excise Tax (CSET). He was thereafter convicted on two counts and now claims this was a violation of his double jeopardy rights. We affirm.

### I. Statement of Facts

The facts most favorable to the judgment reveal that on July 29, 1993, two policemen watched appellant Terrence L. Whitt take part in the sale of drugs at an intersection near Irwin Elementary School. After a significant chase, Officer Jay Thompson arrested Whitt and retrieved a bag of cocaine Whitt had discarded during the pursuit.

Detective Michael Voorhies measured the distance from the drug transaction to the

school to determine whether Whitt had possessed cocaine within one thousand feet of school property in violation of Ind.Code Ann. § 35–48–4–6 (West Supp.1994). The detective found the distance to be 784 feet.

The State charged Whitt with possession of cocaine within one thousand feet of school property, a class B felony, Ind.Code § 35–48–4–6, failure to pay the CSET, a class D felony, Ind.Code Ann. § 6–7–3–11(b) (West Supp.1994); and resisting law enforcement, a class A misdemeanor, Ind.Code Ann. § 35–44–3–3 (West Supp.1994).

On the eve of Whitt's trial, the parties stipulated that Irwin Elementary School was "school property" within the meaning of Section 35–48–4–6. The State neglected to introduce this stipulation into evidence during the trial, but the jury nonetheless convicted Whitt of all three charges. The court sentenced him to ten years imprisonment for the possession charge (with nine years suspended), one and one-half years for his failure to pay the CSET, and one year for resisting arrest.

Whitt appealed his conviction for possession of cocaine within one thousand feet of school property to the Indiana Court of Appeals, claiming there was insufficient evidence to prove that Irwin Elementary School was "school property" under Section 35–48–4–6. He also appealed his CSET conviction, arguing it duplicated his possession conviction in violation of the Double Jeopardy Clause.

The Court of Appeals reversed the first conviction, finding insufficient evidence to establish that Irwin Elementary School was "school property." As to the second count, it found Whitt's prosecution for possession and failure to pay the CSET did not violate his double jeopardy rights and affirmed. *Whitt v. State* (1995), Ind.App., 645 N.E.2d 677.

The State petitioned this Court for transfer. We grant transfer and affirm both of Whitt's convictions.

## II. Possession Within 1000 Feet of School Property

■ When evaluating a claim of insufficient evidence, we neither weigh the evidence nor judge the credibility of the witnesses. Instead, we look solely to evidence with probative value and the reasonable inferences that may be drawn therefrom which support the verdict. *Rosell v. State* (1976), 265 Ind. 173, 352 N.E.2d 750.

Contrary to Whitt's claim, there was sufficient evidence that Irwin Elementary School was indeed "school property."[1] The trial testimony of Detective Voorhies provided a rational inference that Whitt possessed cocaine within one thousand feet of school property. He stated:

> I went out to the location of the arrest and with a measuring wheel I measured the distance from the location of the arrest to the location of Irwin Elementary School, which is located at 3501 South Anthony.

R. 301. The appropriate weight of this evidence was exclusively within the province of the jury. We cannot say its conclusion on the issue was wrong.

## III. Double Jeopardy

Whitt contends his prosecution for both possession of cocaine and failing to pay the CSET violated his double jeopardy rights, citing *Montana Dep't of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

■ It is readily apparent under the *Blockburger* "same elements" test,[2] used in this same context today in *Collins v. State* (1995), Ind., 659 N.E.2d 509, that Whitt's double jeopardy rights were not offended by the two prosecutions. As we confirmed in *Collins,* where each offense contains an element which the other does not, the defendant cannot be said to have been prosecuted for the "same offense" in violation of the Double

---

1. Ind.Code Ann. § 35–41–1–24.7 (West Supp. 1994) defines "school property" as a building owned or rented by a school corporation, an entity required to be licensed under Articles 12–17.2 or 12–17.4, a private school, a special education program or any of their adjacent grounds.

2. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

Jeopardy Clause. *Collins,* 659 N.E.2d at 510.

 Section 35–48–4–6 required the State to prove Whitt possessed cocaine *within one thousand feet of school property.* Section 6–7–3–11(b) contains no such element. In turn, Section 6–7–3–11(b) required that the State prove Whitt possessed cocaine *without having paid the CSET.* Obviously, Section 35–48–4–6 has no such requirement. Because each offense contained an element which the other did not, Whitt's double jeopardy rights were not violated.[3]

### *IV. Conclusion*

We vacate the decision of the Court of Appeals with respect to Whitt's conviction for possession of cocaine within one thousand feet of a school. The judgment of the trial court is affirmed in all respects.

DeBRULER, DICKSON, SULLIVAN and SELBY, JJ., concur.

---

**3.** Our analysis and conclusion that Whitt's double jeopardy rights were not violated is consistent with the conclusions of other jurisdictions under similar facts. *See State v. Morgan,* 455 S.E.2d 490 (N.C.Ct.App.1995).