Charles L. HAYSE, Petitioner,

v.

INDIANA DEPARTMENT OF STATE REVENUE and Kenneth L. Miller, Commissioner, Respondents.

No. 49S10–9503–TA–333.

Supreme Court of Indiana.

Dec. 27, 1995.

Andrew C. Maternowski, Indianapolis, for petitioner.

Pamela Carter, Attorney General, David A. Arthur, Deputy Attorney General, Indianapolis, for respondents.

SHEPARD, Chief Justice.

This is one of seven cases we consider today involving the constitutionality of the Controlled Substance Excise Tax (CSET). After petitioner Charles L. Hayse's arrest for growing marijuana, the Indiana Department of State Revenue assessed the Controlled Substance Excise Tax (CSET) against him. He claims this CSET assessment should be set aside because it is a second jeopardy for the same offense and thus violates the Double Jeopardy Clause of the United States Constitution. We disagree.

## I.  History of the Case

Police found marijuana in Hayse's home in September 1992. The police arrested Hayse and charged him with illegally cultivating marijuana. Thereafter, appellee Indiana Department of Revenue assessed the CSET, a 100 percent penalty for nonpayment, and administrative costs against Hayse. Ind.Code Ann. ch. 6–7–3 (West Supp.1994). His total drug tax liability amounted to $391,363.

In October, Hayse sent the Department a letter contesting his CSET liability. The Department held a hearing and subsequently reduced Hayse's tax liability in light of evidence that he actually possessed less marijuana than the amount the Department had used to calculate the assessment.

One month after the Department issued its findings, Hayse was convicted of cultivating marijuana, a class A misdemeanor. The court sentenced him to a prison term of 180 days, with all but ten days suspended.

Hayse appealed his CSET assessment to the Indiana Tax Court, assaulting the tax on grounds relating to self-incrimination, double

jeopardy, procedural due process, and equal protection.[1] After a hearing on the merits, the court held that Hayse's CSET liability was barred by the Double Jeopardy Clause of the Fifth Amendment, but denied all other claims. *Hayse v. Indiana Dep't of State Revenue* (1994), Ind.Tax, 641 N.E.2d 698.

Both Hayse and the Department petitioned this Court for review, which we granted. We consider:

1. Whether Hayse's CSET assessment was a second jeopardy in violation of the Double Jeopardy Clause of the U.S. Constitution;

2. Whether the CSET compels self-incrimination in violation of the Fifth Amendment to the U.S. Constitution; and,

3. Whether the CSET assessment offended Hayse's right to procedural due process afforded by the Fourteenth Amendment to the U.S. Constitution.

## II. Constitutionality of the CSET

The U.S. Supreme Court recently enumerated the factors to be considered when determining whether a civil sanction is a punishment (and thus a jeopardy) in *Montana Dep't of Revenue v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). We applied these factors to Indiana's CSET in *Bryant v. State* (1995), Ind., 660 N.E.2d 290, and concluded that the CSET was just such a jeopardy. Having reached this conclusion, our evaluation of Hayse's claim is straightforward.

■■■ The Department assessed the CSET against Hayse on September 16, 1992, because he possessed marijuana. Hayse was convicted in criminal court for cultivating this drug on June 10, 1993. Our holding in *Bryant*, that the CSET is a jeopardy, leads us to one conclusion: the criminal conviction was Hayse's second jeopardy for the same offense, in violation of the Double Jeopardy

Clause of the U.S. Constitution.[2] The CSET assessment was the first jeopardy and thus is not barred by double jeopardy.

■■■ Hayse further claims that the CSET compels self-incrimination and that the tax assessment violated his right to procedural due process. U.S. Const. amend. V, XIV. We rejected identical contentions today in *Clifft v. Indiana Dep't of State Revenue* (1995), Ind., 660 N.E.2d 310. We therefore observe that Hayse's privilege against self-incrimination and his right to procedural due process remain inviolate despite the CSET assessment. The Tax Court correctly decided those issues.

## III. Conclusion

We reverse the Tax Court on the double jeopardy claims and reinstate the corrected CSET assessment, penalty, and costs against Hayse.

DICKSON and SELBY, JJ., concur.

DeBRULER, J., concurs in result.

SULLIVAN, J., concurs and dissents with separate opinion.

SULLIVAN, Justice, concurring and dissenting.

As explained in *part II* of my dissent today in *State v. Bryant* (1995), Ind., 660 N.E.2d 290 (Sullivan, J., dissenting), I believe the majority errs in holding that an administrative assessment of a tax can constitute a first punishment for double jeopardy purposes.[3] As such, I believe that Charles Hayse's criminal conviction is not contrary to the Double Jeopardy Clause. However, payment of the CSET assessed would constitute a second punishment of Hayse and would therefore be barred by *Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) (tax on

1. Hayse did not raise this equal protection claim in his Petition for Review. That issue is thus not before us.

2. Hayse's criminal conviction, of course, is not before us in this appeal.

3. If we were to proceed under the alternative approach I describe in *part III* of my *Bryant*

dissent, we would reach the same result as the majority here. This is because a first prosecution occurred at the time of the hearing on Hayse's contest of the CSET assessment, prior to jeopardy attaching in the criminal proceeding.

the possession of illegal drugs assessed after the state has imposed a criminal penalty for the same conduct violated Double Jeopardy Clause).

I agree with the majority that the CSET violates neither Hayse's privilege against self-incrimination nor his due process rights.