679 N.E.2d 170 (1997)
STATE of Indiana, Appellant-Respondent,
v.
Guy A. MOHLER, Appellee-Petitioner.
No. 87A01-9605-PC-163.
Court of Appeals of Indiana.
April 30, 1997.
Transfer Granted September 12, 1997.
Pamela Carter, Attorney General, Michael K. Ausbrook, Anthony Scott Chinn, Deputies Attorney General, Indianapolis, for Appellant-Respondent.
John Burley Scales, Boonville, for Appellee-Petitioner.

OPINION
NAJAM, Judge.

STATEMENT OF THE CASE
In this appeal we are asked to decide whether the rule announced in Bryant v. State, 660 N.E.2d 290 (Ind.1995), cert. denied, ___ U.S. ___, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), applies retroactively to cases on collateral review. In Bryant, our supreme court held that the Indiana Controlled Substance Excise Tax ("CSET") is a punishment and, thus, a jeopardy for double jeopardy purposes which attaches at the moment of assessment. Id. at 300; see also Clifft v. Indiana Dep't of State Revenue, 660 N.E.2d 310, 313 (Ind.1995). Accordingly, subsequent criminal prosecutions for growing and possession of the same drug constitute a second jeopardy and violate the double jeopardy *171 clause to the United States Constitution. Bryant, 660 N.E.2d at 300. Based upon Bryant, the post-conviction court granted Guy A. Mohler's petition for post-conviction relief and vacated his convictions for Possession and Dealing in a Controlled Substance, as Class D felonies, because he had already been assessed a CSET for the same drugs. The State now appeals.
We affirm.[1]

FACTS
The facts in this case are not in dispute. On May 24, 1993, the Indiana Department of Revenue ("Department") sent Mohler a Record of Jeopardy Finding, Jeopardy Assessment Notice and Demand. The Department assessed a CSET against Mohler in the amount of $24,180.00 in addition to a 100 percent penalty for a total amount due of $48,360.00. On June 22, 1993, the Warrick County Sheriff mailed Mohler a Tax Notice evidencing receipt of a tax warrant from the Department in the amount of $50,929.39 plus daily interest at a rate of $4.64. The Sheriff demanded payment in full.
On December 3, 1993, Mohler was arrested for possession of more than 30 grams of marijuana and for dealing in over 30 grams of marijuana. Mohler pled guilty to both counts. The trial court sentenced him to three years, with one year suspended for his possession conviction and ordered the sentence to be served consecutive to a three-year sentence for his dealing conviction, which was suspended. The marijuana which supported the CSET was the same marijuana which supported Mohler's convictions for possession and dealing. Our supreme court issued the Bryant opinion on December 27, 1995. Mohler then filed his petition for post-conviction relief which the trial court granted.

DISCUSSION AND DECISION

Standard of Review
A post-conviction proceeding is a special quasi-civil remedy whereby a defendant can present error which, for various reasons, was not available or known at the time of the original proceedings. McHugh v. State, 471 N.E.2d 293, 294 (Ind.1984). Post-conviction proceedings are totally separate and distinct from the underlying criminal proceedings. Phillips v. State, 441 N.E.2d 201, 203 (Ind.1982). Post-conviction proceedings are governed by the rules and statutes applicable to civil proceedings and the petitioner has the burden of proving his claims by a preponderance of the evidence. Ind. Post-Conviction Rule 1 § 5. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the witnesses. Stewart v. State, 517 N.E.2d 1230, 1231 (Ind.1988). However, the question presented is a pure question of law, and this court reviews questions of law de novo. See Brown v. State, 653 N.E.2d 77, 81 (Ind.1995).

Retroactivity
The State contends that the post-conviction court erred when it granted Mohler's petition for post-conviction relief. Specifically, the State argues that the post-conviction court should not have applied the rule announced in Bryant retroactively to Mohler's petition. We disagree.
In this case, the doctrine of retroactivity is governed by Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), adopted by our supreme court in Daniels v. State, 561 N.E.2d 487 (Ind.1990). Generally, a new constitutional rule of criminal procedure is not applicable to those cases on collateral review, that is, those which have become final before the new rule is announced. Daniels, 561 N.E.2d at 488-89 (citing Teague, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334). Here, Mohler's direct appeal was not pending when Bryant was decided. Assuming that Bryant announced a "new rule," Mohler did not benefit from that rule.
Two exceptions exist to the general rule of non-retroactivity. First, a new rule should be applied retroactively if it places "certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," Teague, 489 U.S. at 307, 109 S.Ct. at 1073, 103 *172 L.Ed.2d at 353, or prohibits "a certain category of punishment for a class of defendants because of their status or offense." Daniels, 561 N.E.2d at 490. Second, rules which require the observance of "procedures that ... are `implicit in the concept of ordered liberty,' " Teague, 489 U.S. at 307, 109 S.Ct. at 1073, 103 L.Ed.2d at 353, and "without which the likelihood of an accurate conviction is seriously diminished" Id. at 313, 109 S.Ct. at 1077, 103 L.Ed.2d at 358, are to be applied retroactively.
We conclude, and the State concedes, that Bryant announced a new constitutional rule of criminal procedure. Under Teague, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague, 489 U.S. at 301, 109 S.Ct. at 1070, 103 L.Ed.2d at 349. The Court has since stated that a new rule includes a decision which reaches a result which is "susceptible to debate among reasonable minds." Butler v. McKellar, 494 U.S. 407, 417, 110 S.Ct. 1212, 1217, 108 L.Ed.2d 347, 358 (1990). Here, the Bryant court held that the CSET civil sanction constitutes a punishment and, thus, a jeopardy for double jeopardy purposes which attaches at the moment of assessment. Bryant, 660 N.E.2d at 300. Our supreme court based its opinion, in part, on Dep't of Revenue of Montana v. Kurth Ranch, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). Kurth Ranch was not decided until after Mohler's convictions. The Bryant rule was not compelled by existing precedent at the time of Mohler's convictions and was open to debate among reasonable minds. Because the Bryant rule constitutes a new constitutional rule of criminal procedure, we must determine whether one of the Teague exceptions applies.
Whether the double jeopardy rule announced in Bryant is retroactive presents an issue of first impression in Indiana. The State contends that the first Teague exception does not apply because the Bryant decision does not "place any private, individual conduct beyond the power of the legislature to proscribe." Brief of Appellant at 18. We cannot agree.
The first Teague exception was narrowly defined in Teague but was expanded in Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989) to permit retroactive application for new rules prohibiting a certain category of punishment for a class of defendants because of their status or offense. Daniels, 561 N.E.2d at 490. The Supreme Court in Penry addressed the constitutionality of imposing the death penalty on mentally retarded defendants. In that case, the Court indicated that the first exception encompasses "substantive categorical guarantees accorded by the Constitution, regardless of the procedures followed." Penry, 492 U.S. at 329, 109 S.Ct. at 2952, 106 L.Ed.2d at 285. When it decided that a new rule prohibiting the execution of mentally retarded defendants would fit within the first Teague exception, the Court explained:
[A] new rule placing a certain class of individuals beyond the State's power to punish by death is analogous to a new rule placing certain conduct beyond the State's power to punish at all. In both cases, the Constitution itself deprives the State of the power to impose a certain penalty, and the finality and comity concerns underlying Justice Harlan's view of retroactivity [expressed in Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971) ] have little force.
Penry, 492 U.S. at 330, 109 S.Ct. at 2953, 106 L.Ed.2d at 285 (emphasis added). The Penry court added, "there is little societal interest in permitting the criminal process to rest at a point where it ought properly to never repose." Id. at 330, 109 S.Ct. at 2953, 106 L.Ed.2d at 285. The Court then concluded that the first Teague exception "covers not only rules forbidding criminal punishment of certain kinds of primary conduct, but also rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." Id. at 330, 109 S.Ct. at 1086, 109 S.Ct. at 2953, 106 L.Ed.2d at 285.
The Fifth Amendment categorically states that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb...." The double jeopardy clause is a "basic constitutional *173 guarantee." North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 2077, 23 L.Ed.2d 656, 665 (1969). The purpose of the clause is not to ensure the fairness of the trial but to prevent the trial from taking place at all. McIntyre v. Trickey, 938 F.2d 899, 904 (8th Cir.1991), vacated and remanded for reconsideration sub nom, Caspari v. McIntyre, 503 U.S. 978, 112 S.Ct. 1658, 118 L.Ed.2d 381 (1992), opinion after remand, McIntyre v. Trickey, 975 F.2d 437 (8th Cir.1992), opinion vacated and remanded sub nom Caspari v. McIntyre, 510 U.S. 939, 114 S.Ct. 375, 126 L.Ed.2d 325 (1993), opinion after remand, McIntyre v. Caspari, 35 F.3d 338 (8th Cir. 1994), cert. denied Caspari v. McIntyre, 514 U.S. 1077, 115 S.Ct. 1724, 131 L.Ed.2d 582 (1995); Johnson v. Howard, 963 F.2d 342, 345 (11th Cir.1992). Because the double jeopardy clause bars an unconstitutional prosecution, a rule that double jeopardy applies is equivalent to the rule considered in Penry which barred the imposition of an unconstitutional punishment. McIntyre, 938 F.2d at 904, Johnson, 963 F.2d at 345. Because its very purpose is to prevent the occurrence of unconstitutional prosecutions, the prohibition against double jeopardy is a "substantive categorical guarantee accorded by the Constitution." McIntyre, 938 F.2d at 904; Johnson, 963 F.2d at 345 (citations omitted). In addition, the Bryant rule prohibits the prosecution of a specific class of defendants because of their status or offense, here, those persons who have previously been assessed a CSET for the same drug. Therefore, the Bryant rule falls squarely under the first Teague exception and must be accorded full retroactive effect.[2]
The State concedes that if the Bryant rule is given retroactive effect it applies to Mohler. We conclude that Mohler has satisfied the requirements of the Bryant rule. Mohler was initially assessed a CSET and subsequently charged and convicted of possession and dealing in the same controlled substance. As we have already observed, the prohibition against double jeopardy is a "substantive categorical guarantee" afforded by the Constitution, and the Bryant rule prohibits the prosecution of a specific class of defendants because of their status or offense. Accordingly, we hold that the rule announced in Bryant applies retroactively to cases on collateral review and that the post-conviction court correctly vacated Mohler's convictions for possession and dealing in a controlled substance.
Affirmed.
BAKER and CHEZEM, JJ., concur.
NOTES
[1] We heard oral argument on March 27, 1997.
[2] Our decision follows the rationale of the federal circuit courts in McIntyre and Johnson. See McIntyre, 938 F.2d 899 (8th Cir.1991)(McIntyre I); Johnson v. Howard, 963 F.2d 342 (11th Cir. 1992). In those cases, the courts were asked to consider whether the double jeopardy rule announced in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), overruled, United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), was to be applied retroactively to cases on collateral review. Both courts held that Grady would be applied retroactively. Contra, U.S. v. Salerno, 964 F.2d 172 (2nd Cir.1992), (Grady announced new rule which could not be applied retroactively because rule did not satisfy either Teague exception). On remand, the Eighth Circuit reaffirmed its holding that Grady was to be applied retroactively and acknowledged that the Salerno court had held to the contrary. McIntyre v. Trickey, 975 F.2d 437 (8th Cir.1992)(McIntyre II). In light of United States v. Dixon, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), which overruled Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), the Supreme Court vacated McIntyre II, which had held that the Grady rule was to be applied retroactively, and remanded the case for further consideration. On remand, the Eighth Circuit again held that both of McIntyre's convictions violated double jeopardy. McIntyre, 35 F.3d at 344.