**Manuel GARCIA, Sr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 37A03–9702–CR–53.**

Court of Appeals of Indiana.

Oct. 20, 1997.

John D. Potter, Rensselaer, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

STATON, Judge.

Manuel Garcia, Sr. appeals his convictions by a jury for Dealing in Marijuana, a Class C Felony, and Possession of Marijuana, a Class D Felony. Garcia also challenges his sentence enhancement as a habitual offender. Garcia raises two issues for our review, one of which is dispositive: whether Garcia's criminal convictions violate the Double Jeopardy Clause of the United States Constitution.

We reverse.

Garcia was arrested on December 3, 1992 for selling marijuana to a police informant and for possession of marijuana. On May 24, 1993, the State charged Garcia with Dealing in Marijuana and Possession of Marijuana. Because Garcia had two prior, unrelated felony convictions, the State also charged him as a habitual offender. Garcia was convicted of these crimes on January 12, 1994, but because he was a fugitive for two years following his convictions, Garcia was not sentenced until September 3, 1996.

On January 21, 1993, prior to Garcia being charged or convicted for these crimes, the Indiana Department of Revenue ("Department") issued a jeopardy warrant requesting

that the Jasper County Sheriff seize Garcia's assets. The warrant was issued because Garcia had failed to pay $1,146,206.71 in taxes he owed pursuant to the Controlled Substance Excise Tax ("CSET"). As a result of the jeopardy warrant, the sheriff seized real and personal property owned by Garcia. The CSET requires individuals who possess, deliver, or manufacture controlled substances to pay a significant tax on the drugs.

■ Garcia contends that in light of the prior penalties imposed by the CSET, his subsequent convictions for Dealing in Marijuana and Possession of Marijuana violated the Double Jeopardy Clause of the United States Constitution. Initially, we note that Garcia failed to raise his double jeopardy argument at trial. We will review errors not preserved at trial only if they rise to the level of fundamental error. *Townsend v. State*, 632 N.E.2d 727, 730 (Ind.1994). Since double jeopardy violations constitute fundamental error, *Odom v. State*, 647 N.E.2d 377, 379 n. 4 (Ind.Ct.App.1995), *trans. denied* (citing *Abercrombie v. State*, 543 N.E.2d 407, 409 (Ind.Ct.App.1989)), we will review Garcia's claim despite his failure to preserve the issue at trial.

■ The Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause protects a person from suffering (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

Garcia argues that his convictions for dealing and possessing marijuana constituted a second jeopardy for these drug crimes because he had already been placed in jeopardy once by being ordered to pay the CSET. The Indiana Supreme Court considered the

issue raised by Garcia in a series of 1995 cases. *See Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996); *Clifft v. Indiana Dep't of State Revenue*, 660 N.E.2d 310 (Ind.1995); *Hall v. Indiana Dep't of State Revenue*, 660 N.E.2d 319 (Ind.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1828, 134 L.Ed.2d 933 (1996); *Bailey v. Indiana Dep't of State Revenue*, 660 N.E.2d 322 (Ind. 1995); *Hayse v. Indiana Dep't of State Revenue*, 660 N.E.2d 325 (Ind.1995); *Collins v. State*, 659 N.E.2d 509 (Ind.1995), *reh. denied;* *Whitt v. State*, 659 N.E.2d 512 (Ind.1995). In *Bryant*, the supreme court held that assessment of the CSET constitutes a jeopardy for purposes of the Double Jeopardy Clause. 660 N.E.2d at 295. The court went on to hold that the CSET jeopardy attaches when a person is first served by the Department with a Record of Jeopardy Findings and Jeopardy Assessment Notice and Demand. *Id.* at 299.

In *Clifft*, the court held that once the CSET assessment is made, a person's conviction in a separate and subsequent proceeding for the underlying drug offense violates the Double Jeopardy Clause. 660 N.E.2d at 313. Thus, the court reversed the defendant's conviction for possession of marijuana where she had been assessed the CSET prior to pleading guilty to the possession charge. *Id.* at 312.

■ The facts of Garcia's case are virtually identical to those in *Clifft*. Garcia was arrested on December 3, 1992 for dealing in and possession of marijuana. In January 1993, the Department, as a result of Garcia's arrest, assessed the CSET and initiated proceedings to collect the tax. The first jeopardy for the charged drug offenses attached in 1993 when Garcia received notice of the assessment.[1] Thus, under our precedent, the subsequent trial in January 1994 for the un-

---

1. Garcia claims in his brief that the Indiana Department of Revenue presented him with a CSET assessment on January 20, 1993 while he was incarcerated in the Jasper County Jail. The Record of Proceedings does not contain a copy of this notice or any other information relating to this notice. However, the State does not dispute that the Department issued a jeopardy warrant for the CSET on January 21, 1993. Appellee's Brief at 4. Thus, while it is not clear from the record the exact date that the first jeopardy attached, it had definitely attached by the time the jeopardy warrant was issued on January 21, 1993 since we know Garcia received notice of the CSET assessment by this date. *See Bryant*, 660 N.E.2d at 299.

derlying drug offenses, which were the basis of the CSET assessment, constituted a second jeopardy for the same offense and violated the Double Jeopardy Clause.

■ The State argues that the *Blockburger* "same elements" test requires us to find that the Double Jeopardy Clause was not violated by Garcia's subsequent convictions for dealing in and possession of marijuana. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). The Indiana Supreme Court recently recognized the "same elements" test as the appropriate test for determining whether double jeopardy is violated where separate punishments are imposed for multiple offenses arising in the course of a single act or transaction. *Games v. State,* 684 N.E.2d 466, 475 (Ind.1997). The "same elements" test provides: "... [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* (quoting *Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309).

The State contends that the CSET assessment and the crime of dealing in marijuana each require the State to prove an additional fact which the other does not. In support of this argument, the State cites *Whitt v. State,* 659 N.E.2d 512 (Ind.1995), which was decided the same day as *Bryant* and *Clifft.* In *Whitt,* the court applied the "same elements" test and held that prosecutions for possession of cocaine within one thousand feet of school property and for failure to pay the CSET did not violate the Double Jeopardy Clause. *Id.*

at 514. The court held that the defendant's failure to pay the CSET was an additional fact which the State had to prove, beyond the elements of the cocaine charge.[2]

The facts in *Whitt* differ from those in *Clifft* and the present case. In *Whitt,* one of the defendant's convictions was based on his failure to pay the CSET. *Id.* at 513. Failure to pay the CSET is a separate crime,[3] above and beyond the mere assessment of the CSET. In *Clifft* and the present case, the jeopardy at issue was the assessment of the CSET, not a conviction for the separate crime of failure to pay the CSET. *Clifft,* 660 N.E.2d at 313.

In order to assess the CSET, the State does not have to prove that the defendant failed to pay the CSET.[4] The State simply must show that the defendant delivered, possessed, or manufactured a drug in violation of any of the drug offense statutes codified at IC 35–48–4. IND.CODE § 6–7–3–5 (1993). The possession and dealing crimes which Garcia was convicted of are codified in IC 35–48–4. *See* IND.CODE §§ 35–48–4–10 and 11 (1993). In order to assess the CSET on Garcia, the State was not required to prove any additional facts other than the elements of the possession and dealing crimes themselves. Accordingly, Garcia's subsequent convictions for Dealing in Marijuana and Possession of Marijuana violated the Double Jeopardy Clause and must be vacated.

Garcia was also determined to be a habitual offender and sentenced to an additional twenty years based on the drug convictions we vacate today. The habitual offender statute allows the State to seek an additional sentence for any felony where the person has been convicted of two prior unrelated felo-

---

2. *Id.* The court also held that the cocaine charge required proof of an additional fact not contained in the CSET charge. *Whitt,* 659 N.E.2d at 514. The State was required to prove that Whitt possessed cocaine "within one thousand feet of school property." *Id.* The court noted that the crime of failure to pay the CSET did not contain such an element. *Id.*

3. IND.CODE § 6–7–3–11 (1993).
   A person who knowingly or intentionally delivers, possesses, or manufactures a controlled substance without having paid the tax due commits a Class D felony.

4. IND.CODE § 6–7–3–5 (1993).

   The controlled substance excise tax is imposed on controlled substances that are:
   (1) delivered;
   (2) possessed; or
   (3) manufactured;
   in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852. The tax does not apply to a controlled substance that is distributed, manufactured, or dispensed by a person registered under IC 35–48–3.

nies. IND.CODE § 35–50–2–8 (1993). Because we vacate the felony convictions on which the additional habitual offender determination was based, we must also vacate the habitual offender sentence.

Reversed.

FRIEDLANDER and DARDEN, JJ., concur.