Bryan L. COPELAND, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 29A02–9607–CR–455.

Court of Appeals of Indiana.

Jan. 22, 1998.

Andrew M. Barker, Matthew S. Love, Campbell Kyle Proffitt, Noblesville, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RUCKER, Judge.

In this interlocutory appeal Defendant–Appellant Bryan L. Copeland challenges the trial court's order denying his motion to dismiss the State's charge of conspiracy to deal in cocaine. Copeland raises a single issue for our review which we rephrase as whether Copeland's voluntary payment of the Controlled Substance Excise Tax bars his subsequent prosecution for conspiracy to deal in cocaine.

We affirm.

On October 31, 1995 the State charged Copeland with conspiracy to deal in cocaine as a Class A felony.[1] On April 15, 1996 Copeland filed in open court a receipt from the Indiana Department of Revenue representing his voluntary payment of the Controlled Substance Excise Tax (CSET).[2] Specifically the receipt indicated that on April 12, 1996 Copeland had paid a $120.00 tax on three grams of cocaine. Thereafter Copeland filed a motion to dismiss the charge of conspiracy to deal in cocaine arguing that his payment of the CSET barred further prosecution of the criminal charge on double jeopardy grounds. The trial court denied

1. Ind.Code §§ 35–41–5–2; 35–48–4–1.

2. Ind.Code §§ 6–7–3–1 to 6–7–3–20.

Copeland's motion to dismiss and this interlocutory appeal ensued in due course.

Copeland contends the trial court erred in denying his motion to dismiss the charge of conspiracy to deal in cocaine. According to Copeland his obligation for and subsequent payment of the CSET placed him in jeopardy and therefore his criminal prosecution for conspiracy to deal in cocaine amounts to a second punishment for the same offense.

■ In *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied*, — U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), our supreme court held that the CSET is a punishment and thus a jeopardy for double jeopardy purposes which attaches at the moment of assessment. *Id.* at 299; *See also Clifft v. Indiana Dep't of State Revenue*, 660 N.E.2d 310, 313 (Ind.1995). Accordingly subsequent criminal prosecutions for growing and possession of the same drug constitute a second jeopardy and violate the double jeopardy clause of the United States Constitution. *Bryant*, 660 N.E.2d at 300; *Garcia v. State*, 686 N.E.2d 883, 884 (Ind.Ct.App.1997). In this case the State points out and Copeland concedes that the Department of Revenue issued neither an oral nor written assessment of the CSET to Copeland. Thus, the State argues, because the tax was never formally assessed no jeopardy ever attached and Copeland's prosecution for conspiracy to deal in cocaine does not offend double jeopardy principles.

Copeland counters by pointing to I.C. § 6-7-3-8 which provides as follows:

The tax imposed under this chapter is due when the person receives delivery of, takes possession of, or manufactures a controlled substance in violation of IC 35-48-4 or 21 U.S.C. 841 through 21 U.S.C. 852. A person may not be required to reveal the person's identity at the time the tax is paid.

According to Copeland the definitive period for CSET liability is the moment of delivery, possession, or manufacture of a drug and not formal assessment of the tax by the Department of Revenue. Thus, the argument continues, Copeland was placed in jeopardy at the moment he possessed a controlled substance and the CSET became due, and further criminal prosecution is thereby barred.

■ It is true as Copeland contends that formal assessment by the Department of Revenue is not a prerequisite to CSET liability. *See* I.C. §§ 6-7-3-8; 6-7-3-11. The defendant must merely deliver, possess, or manufacture a drug in violation of any of the drug offense statutes codified at I.C. § 35-48-4. I.C. § 6-7-3-5; *Garcia*, 686 N.E.2d at 885. However jeopardy does not attach merely because a defendant has possessed a controlled substance and thereby become liable for payment of the CSET. In *Bryant*, our supreme court explained that the determination of when jeopardy attaches is the linchpin for concluding which jeopardy is barred as a second jeopardy. *Bryant*, 660 N.E.2d at 298. The constitutional prohibition on double jeopardy is not against being twice punished, but is against twice being placed in jeopardy. Thus, where a risk of a determination of guilt exists, jeopardy attaches. *Id.* at 299. The court concluded that jeopardy first attached when the Department of Revenue served the defendant with its Record of Jeopardy Findings and Jeopardy Assessment Notice and Demand. At that moment, the court reasoned, the defendant faced more than a risk of being found guilty; he had actually been found guilty. *Id.* The assessment itself was a judgment against the defendant for the CSET and its 100 percent nonpayment penalty; this judgment enabled the Department of Revenue to levy immediately on the defendant's property. *Id.*; *See Hall v. Indiana Dep't of State Revenue*, 660 N.E.2d 319, 321 n. 4 (Ind.1995), *cert. denied*, 517 U.S. 1210, 116 S.Ct. 1828, 134 L.Ed.2d 933 (The CSET as a civil judgment may lead to seizure as payment just as a conviction in criminal court may lead to fines and incarceration; "[i]t is this similarity that leads us to conclude that assessment is the point at which jeopardy attaches for Fifth Amendment purposes.").

In this case although Copeland was liable for the CSET at the moment he possessed a controlled substance, his payment of the CSET, absent an assessment by the Department of Revenue, did not amount to a judgment. Without such an assessment there

was no determination that Copeland was liable for nonpayment of the tax, and the Department of Revenue was not authorized to levy on Copeland's property in satisfaction of the tax. Rather, Copeland's payment of the CSET was merely a voluntary recognition that the tax was due. Copeland's obligation for and payment of the CSET did not constitute a jeopardy and thus does not bar his subsequent criminal prosecution and conviction. Accordingly, the trial court did not err in denying Copeland's motion to dismiss the charge of conspiracy to deal in cocaine.

Judgment affirmed.

SHARPNACK, C.J., and BARTEAU, J., concur.