**Gary ELVERS, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 09A02–9706–PC–374.**

Court of Appeals of Indiana.

March 26, 1998.

Transfer Granted May 19, 1998.

Ross G. Thomas, Dillon Law Office, India-napolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

FRIEDLANDER, Judge.

Gary Elvers appeals the denial of his petition for post-conviction relief, presenting the following restated issue for review:

Did the post-conviction court err in refusing to vacate a conviction for possession of marijuana, when defendant had received a

Controlled Substance Excise Tax assessment by the Indiana Department of Revenue for that same substance?

We reverse.

On July 23, 1992, Elvers was arrested and marijuana was seized from his property. The following day, he was served with a $12,784.00 assessment by the Indiana Department of Revenue for the Indiana Controlled Substance Excise Tax (CSET) due for the marijuana found on his property the previous day. On May 24, 1993, Elvers pled guilty to possession of marijuana as a class A misdemeanor. On July 3, 1996, Elvers filed his petition for post-conviction relief, seeking a reversal of his conviction based upon our supreme court's holding in *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied,* —— U.S. ——, 117 U.S. 293, 136 L.Ed.2d 213 (1996).

■ In *Bryant,* the court held that jeopardy attaches the moment a CSET is assessed and the Double Jeopardy Clause bars a subsequent conviction for possessing the same substance upon which the CSET assessment was based. Clearly, had *Bryant* been the law at the time, Elvers could not have been convicted of possession of marijuana because such would have constituted a second jeopardy in violation of the Double Jeopardy Clause.[1] All of the events relative to the instant appeal, however, occurred before our supreme court decided *Bryant.* The State concedes that if *Bryant* is to be given retroactive effect, it applies to Elvers.

1. Although we conclude that *Bryant* compels reversal upon double jeopardy grounds if it applies retroactively, we note that on the same day that it decided *Bryant,* the supreme court decided another case that arguably supports the opposite conclusion. In *Whitt v. State,* 659 N.E.2d 512 (Ind.1995), the defendant claimed that convictions of both failure to pay the CSET assessment and possession of the drug upon which the assessment was based was a violation of double jeopardy principles. The supreme court rejected this argument and affirmed the convictions, stating:

It is readily apparent under the *Blockburger* "same elements" test, used in this same context today in *Collins v. State* (1995), Ind., 659 N.E.2d 509, that Whitt's double jeopardy rights were not offended by the two prosecutions. As

we confirmed in *Collins,* where each offense contains an element which the other does not, the defendant cannot be said to have been prosecuted for the "same offense" in violation of the Double Jeopardy Clause.

*Whitt v. State,* 659 N.E.2d at 513–14.

According to *Whitt,* a defendant may be convicted of both possession and failure to pay a CSET assessment without offending the Double Jeopardy Clause. It is unclear to us how *Whitt*'s holding squares with cases such as *Bryant* and *Hall v. Indiana Dept. of Revenue,* 660 N.E.2d 319 (Ind.1995). We do not perceive any meaningful distinction between *Whitt* and the other cases that compels a different result. Be that as it may, we conclude that *Bryant* supplies the applicable analysis.

■ In *State v. Mohler*, 679 N.E.2d 170 (Ind.Ct.App.1997), this court decided that the *Bryant* rule is to be given retroactive effect. The State urges us to reject *Mohler* and hold that the rule does not apply retroactively. We need not choose between accepting or rejecting *Mohler* as authority because our supreme court has granted transfer in *Mohler*, thereby vacating that opinion. However, such does not necessarily indicate that the supreme court will change *Mohler*'s holding with respect to the retroactivity of the *Bryant* rule. Although *Mohler* has been vacated, we are still persuaded by the soundness of the reasoning therein concerning the question of retroactivity. Therefore, unless and until the supreme court affirmatively holds to the contrary, we continue to adhere to the principle espoused in *Mohler*, *i.e.*, that *Bryant* is to be applied retroactively.

■ Pursuant to *Bryant v. State*, 660 N.E.2d 290, Elvers's conviction of possession of marijuana violated the prohibition against double jeopardy and must be vacated.

Judgment reversed.

SULLIVAN and KIRSCH, JJ., concur.