Gary ELVERS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 09S02–9805–PC–00292.

Supreme Court of Indiana.

July 8, 1998.

Ross G. Thomas, Dillon Law Office, Indianapolis, for appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James A. Garrard, Deputy Attorney General, Indianapolis, for appellee.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

In accordance with our recent decision in *State v. Mohler*, 694 N.E.2d 1129 (Ind.1998), we conclude that the new rule of law announced in *Bryant v. State*, 660 N.E.2d 290 (Ind.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996), is not retroactive under *Daniels v. State*, 561 N.E.2d 487 (Ind.1990), and so does not entitle Gary Elvers to post-conviction relief.

On July 24, 1992, the Indiana Department of Revenue assessed Gary Elvers ("Elvers") a Controlled Substance Excise Tax ("CSET") for possessing marijuana.[1] The State charged Elvers with possession of marijuana, a class A misdemeanor,[2] and failure to pay the CSET[3] on July 28, 1992. Elvers pled guilty to the charge of possession on May 24, 1993.

On July 3, 1996, Elvers filed a petition for post-conviction relief based on this Court's decision in *Bryant*, 660 N.E.2d 290 (holding that because CSET is punishment, the Double Jeopardy Clause bars drug prosecution after CSET has been assessed), which the post-conviction court denied. Elvers appealed. The Court of Appeals reversed the post-conviction court's denial of relief, holding that the rule announced in *Bryant* applied retroactively to Elvers. *Elvers v. State*, 693 N.E.2d 99 (Ind.Ct.App.1998).

In its decision, the Court of Appeals commented upon the lack of "any meaningful distinction" between *Bryant* and *Whitt v. State*, 659 N.E.2d 512 (Ind.1995), in which this Court found no double jeopardy violation. We explained the distinction in our *Whitt* opinion:

It is readily apparent under the *Blockburger* "same elements" test, used in this same context today in *Collins v. State* [,659 N.E.2d 509 (Ind.1995)], that Whitt's double jeopardy rights were not offended by the two prosecutions. As we confirmed in *Collins*, where each offense contains an element which the other does not, the defendant cannot be said to have been prosecuted for the "same offense" in violation of the Double Jeopardy Clause. *Collins*, 659 N.E.2d at 510.

Section 35–48–4–6 required the State to prove Whitt possessed cocaine *within one*

1. Ind.Code § 6–7–3–5 (Supp.1992).

2. Ind.Code § 35–48–4–11 (1988).

3. Ind.Code § 6–7–3–11 (Supp.1992).

*thousand feet of school property.* Section 6–7–3–11(b) contains no such element. In turn, Section 6–7–3–11(b) required that the State prove Whitt possessed cocaine *without having paid the CSET.* Obviously, Section 35–48–4–6 has no such requirement. Because each offense contained an element which the other did not, Whitt's double jeopardy rights were not violated.

*Whitt,* 659 N.E.2d at 513–14 (emphasis in original and footnotes omitted).

Having granted transfer, we vacate the opinion of the Court of Appeals pursuant to Ind.Appellate Rule 11(B)(3) and affirm the post-conviction court's denial of relief for the reasons set forth in *Mohler,* 694 N.E.2d 1129.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.