**Preston H. FORD, Petitioner,**

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

**No. 49T10–9903–TA–17.**

Tax Court of Indiana.

Dec. 17, 2002.

---

Michael T. Wallace, Roberts & Bishop, Indianapolis, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, David A. Arthur, Deputy Attorney General, Indianapolis, IN, Attorneys for the Respondent.

FISHER, J.

Preston H. Ford (Ford) appeals the final determination of the Indiana Department of State Revenue (Department) assessing Ford for the Controlled Substance Excise Tax (CSET) [1] liability under Indiana Code Section 6–7–3–13. Ford raises two issues:

I. Whether Ford's protection against double jeopardy was violated by his CSET assessment; and

II. Whether Ford's CSET assessment is void because the hearing on his protest was held six years after he requested it.

For the reasons stated below, the Court AFFIRMS the Department's final determination.

## FACTS AND PROCEDURAL HISTORY

After finding nearly a kilogram of cocaine in the trunk of Ford's vehicle, the State charged him with dealing cocaine, a

---

1. The controlled substance excise tax is imposed on controlled substances that are:
 (1) delivered;
 (2) possessed; or
 (3) manufactured;
 in Indiana in violation of IC 35–48–4 or 21 U.S.C. 841 through 21 U.S.C. 852. The tax

does not apply to a controlled substance that is distributed, manufactured, or dispensed by a person registered under IC 35–48–3.

IND.CODE § 6–7–3–5.

class B felony, on September 3, 1992. On December 7, 1992, the Department assessed Ford with a CSET liability.[2]

Ford protested the assessment and, on December 17, 1992, he requested a hearing with the Department. On December 20, 1993, Ford plead guilty to the charge of possession of cocaine. The trial court accepted his plea at a sentencing hearing on March 28, 1994. On August 6, 1998, the Department held a hearing on Ford's protest. The Department issued a final determination on September 10, 1998, denying Ford's protest.

On March 5, 1999, Ford initiated an original tax appeal. The Court did not conduct a trial, as both parties agreed to have the matter resolved based on the evidence stipulated into the record as well as on their briefs. On November 30, 1999, oral arguments were held. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

This Court reviews final determinations of the Department de novo and is not bound by the evidence presented or the issues raised at the administrative level. IND.CODE § 6–8.1–5–1(h); *see also Clifft v. Indiana Dep't of Revenue,* 748 N.E.2d 449, 452 (Ind. Tax Ct.2001). Although statutes that impose tax are to be strictly construed against the State, in Indiana, "[t]he burden of proving that the proposed assessment is wrong rests with the person against whom the proposed assessment is made." IND.CODE § 6–8.1–5–1(b); *see also Clifft,* 748 N.E.2d at 452.

### I. Double jeopardy

■ The first issue is whether Ford's protection against double jeopardy was violated by his CSET assessment. Ford argues that jeopardy attached to him for the first time when the trial court accepted his guilty plea in 1993 and for the second time at his 1998 CSET protest hearing. Thus, he reasons that the CSET hearing placed him in double jeopardy. Ford is incorrect.

The Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution states, "No person shall be ... subject for the same offence to be twice put in jeopardy of life or limb[.]" U.S. CONST. amend. V. Our Supreme Court has clearly held that because the CSET assessment itself is a judgment, jeopardy attaches when the Department serves a person with an assessment notice and demand. *See Bryant v. State,* 660 N.E.2d 290, 299 (Ind.1995). Here, jeopardy attached the first time in December 1992 when the Department issued Ford the CSET assessment. *See id.; see also Hayse v. Indiana Dep't of State Revenue,* 660 N.E.2d 325, 326 (Ind.1995). It attached the second time in 1994 when the trial court accepted Ford's guilty plea.[3] *See State v. Keith,* 482 N.E.2d 751, 754 (Ind.Ct.App.1985) (holding that jeopardy attaches when a court accepts a defendant's guilty plea). Because Ford's CSET assessment was the first attachment of jeopardy, it did not violate his protection against double jeopardy. *See Hayse,* 660 N.E.2d at 326; *Bryant,* 660 N.E.2d at 299. Accordingly, the Court AFFIRMS the Department's final determination on this issue.

---

2. "An assessment for the tax due under [Indiana Code Section 6–7–3] is considered a jeopardy assessment. The department shall demand immediate payment and take action to collect the tax due as provided by IC 6–8.1–5–3." IND.CODE § 6–7–3–13.

3. Ford's criminal conviction, of course, is not before this Court in this original tax appeal.

## II. The CSET

■ The second issue is whether Ford's CSET assessment is void because the hearing on his protest was held six years after he requested it. Ford argues that the Department was required to grant him a hearing at its earliest convenience and that it unreasonably delayed doing so, to his detriment.[4] Thus, Ford asks the Court to void his CSET assessment.

■ Indiana Code Section 6–8.1–5–1(c)(1) states: "If [a] person files a protest and requires a hearing on the protest, the department shall [ ] set the hearing at the department's earliest convenient time[.]" IND.CODE § 6–8.1–5–1(c)(1) (1993). The law does not define "earliest convenient time." *See id.* However, the Court need not determine its meaning to reach the merits of Ford's claim. The law provides no remedy for a delay of hearing under Indiana Code Section 6–8.1–5–1, nor does it expressly link the validity of a CSET assessment to the timing of a protest hearing. *See* IND.CODE § 6–8.1–5–1. Furthermore, this Court will not engraft a remedy on a statute where none exists absent an express indication by the Legislature that consequences should attach. *See City Securities Corp. v. Dep't of State Revenue,* 704 N.E.2d 1122, 1126 (Ind. Tax Ct.1998).

■ Because the Legislature has not expressly provided for consequence in the event of a delay of a protest hearing under Indiana Code Section 6–8.1–5–1, the Court will not void Ford's CSET assessment due to any alleged delay of his hearing. *See id.* Accordingly, the Court AFFIRMS the Department's final determination.[5]

## CONCLUSION

For the aforementioned reasons, the Court AFFIRMS the Department's final determination.

---

4. In particular, Ford argues that interest on his CSET assessment accumulated during the wait and that evidence potentially favorable to his case grew stale. Ford also makes the remarkable allegation that the Department's delay forced him "to endure a criminal proceeding" and "deal with the punishment." (Pet'r Br. at 7.) The source of Ford's criminal woes was not in the Department's alleged delay. It was in Ford's trunk, where the authorities discovered nearly a kilogram of cocaine.

5. A taxpayer such as Ford who believes he is being prejudiced by the delay of a taxing authority may seek the remedy of mandamus.

*State Board of Tax Comm'rs v. Mixmill Mfg. Co.,* 702 N.E.2d 701, 705 (Ind.1998). Ford neither made an attempt to seek the remedy of mandamus nor showed good cause why he did not.